2005 UT App 24

**STATE of Utah, in the interest of E.H. and J.S., persons under eighteen years of age.**

**S.S., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20030831–CA.**

Court of Appeals of Utah.

Jan. 21, 2005.

Scott L. Wiggins, Arnold & Wiggins, PC, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General and John M. Peterson, Assistant Attorney General, Salt Lake City, for Appellee.

Martha Pierce and Robert N. Parrish, Salt Lake City, Guardians Ad Litem.

Before Judges GREENWOOD, JACKSON, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 S.S. appeals from the juvenile court's adjudication that J.S. is a neglected child pursuant to Utah Code section 78–3a–103(1)(s)(i)(E) (2002). We affirm.

### BACKGROUND

¶ 2 The facts of this case are not in dispute. A.L. (Mother) is the mother of E.H., an eleven-year-old girl at the time of this incident, and J.S., a four-year-old boy. The children have different fathers: M.H. is E.H.'s father, and S.S. is the father of J.S. In March 2003, while Mother had custody of E.H., S.S., who shared a home with Mother, became angry with E.H. and threw a book bag at her, hitting her in the leg and injuring her. Subsequently, M.H. was granted temporary custody of E.H., and he obtained a protective order against S.S. on her behalf.

E.H. then moved from the home shared by S.S. and Mother to M.H.'s home.

¶ 3 In July 2003, the State filed a verified petition against S.S., asserting that he had abused E.H. and that J.S. was therefore a sibling at risk. The court adjudicated the petition in August 2003 and found that the allegations of neglect and abuse concerning E.H. were true. The court further found that J.S. was a sibling at risk. S.S. now appeals.

### ISSUE AND STANDARD OF REVIEW

¶ 4 S.S. argues that the juvenile court improperly applied the sibling at risk statute to this situation and that, consequently, the court erred in adjudicating J.S. as a neglected child. " 'The interpretation of a statute ... presents a question of law, which this court reviews for correctness.' " *In re B.T.D.*, 2003 UT App 99, ¶ 12, 68 P.3d 1021 (alteration in original) (quoting *Parks v. Utah Transit Auth.*, 2002 UT 55, ¶ 4, 53 P.3d 473).

### ANALYSIS

¶ 5 S.S. argues that Utah Code section 78–3a–103(1)(s)(i)(E), which is designed to protect at risk siblings, is inapplicable to J.S. because E.H. and J.S. no longer share the same residence. We disagree.

¶ 6 Our primary objective in construing statutes "is to give effect to the legislature's intent." *Gohler v. Wood*, 919 P.2d 561, 562 (Utah 1996). To discern legislative intent, we look first to the plain statutory language, and only in the presence of ambiguity will we look elsewhere to determine its meaning. *See id.; see also Arredondo v. Avis Rent A Car Sys., Inc.*, 2001 UT 29, ¶ 12, 24 P.3d 928; *In re B.B.*, 2002 UT App 82, ¶ 11, 45 P.3d 527. The definition of a neglected child set forth in Utah Code section 78–3a–103(1)(s)(i)(E) includes any minor "who is at risk of being a neglected or abused child ... because another minor in the same home is a neglected or abused child as defined in this chapter." Utah Code Ann. § 78–3a–103(1)(s)(i)(E) (2002).[1]

---

1. Statutorily, the definition of an abused child includes "a minor less than 18 years of age who:

(i) has suffered or been threatened with nonaccidental physical or mental harm, negligent treat-

¶ 7 Although we previously have not addressed the specific meaning of "in the same home" in this context, we have examined the statute's reach as it applies to siblings of abused children.[2] In *In re S.A.*, we examined those portions of the Juvenile Court Act (the Act) that pertain to abuse, neglect, and the termination of parental rights, *see* Utah Code Ann. §§ 78–3a–101 to –415 (2002), and concluded that the Act "provide[s] an administrative scheme designed to protect at risk children," a group in which the State has an important interest. 2001 UT App 307,¶¶ 25–26, 37 P.3d 1166. To this end, we later determined that section 78–3a–103 should be interpreted broadly to *ensure* that at risk children are protected. *See In re J.B.*, 2002 UT App 267,¶ 18, 53 P.3d 958 (affirming the juvenile court's decision to terminate parental rights to a child born after the abuse to its siblings had occurred); *In re E.K.*, 913 P.2d 771, 774 (Utah Ct.App.1996) (stating that, under the previous, virtually identical version of section 78–3a–103(1)(s)(i)(E), a "child conceived and born after another child in the home has been abused or neglected" can be considered "at risk"). Consequently, we have already determined that concurrent housing is not a requirement for section 78–3a–103 to apply. *See In re J.B.*, 2002 UT App 267 at ¶ 18, 53 P.3d 958; *In re E.K.*, 913 P.2d at 774.[3]

¶ 8 For instance, in *In re J.B.*, the children who had been the subject of abuse and neglect were removed from their parents' home by the Division of Child and Family Services nearly two years before the birth of J.B., the child who was the object of the appeal in that case. *See* 2002 UT App 267 at ¶¶ 4–9, 53 P.3d 958. After their removal, the abused children were not returned to the parents' custody, and eventually—after J.B.'s birth, but very near in time to J.B.'s removal—the juvenile court terminated the mother and father's parental rights to the removed children. *See id.* Finally, after J.B. was brought home—a process that required subterfuge on the parents' part—J.B. was removed from the home as a sibling at risk. *See id.* at ¶ 10. Based upon the prior abuse of J.B.'s siblings, the juvenile court upheld the removal. *See id.* Eventually, the court also terminated the parents' parental rights to J.B. *See id.* at ¶¶ 11–13.

¶ 9 On appeal, we affirmed the decision, stating that "J.B.'s older siblings were neglected, and applying the plain meaning of both [Utah Code sections 78–3a–407 and 78–3a–103(1)(s)(i)(E) ], ... it was proper for the juvenile court to find that J.B. was a neglected child." *In re J.B.*, 2002 UT App 267 at ¶ 18, 53 P.3d 958. Therefore, section 78–3a–103(1)(s)(i)(E) does not require concurrent residence in the home for a child to be considered at risk. Instead, once abuse or neglect occur, the siblings of the abused child, regardless of the child's current residence, can be determined to be at risk children pursuant to section 78–3a–103(1)(s)(i)(E). *But see In re E.K.*, 913 P.2d at 774 (stating that "parents can present evidence to refute the application of [the at risk provision, including] an opportunity to demonstrate that the home environment has changed and that [the child] is not 'at risk' ").

¶ 10 Here, S.S.'s argument focuses solely on the fact that E.H. and J.S. no longer share a home, due to E.H.'s change in residence soon after the abuse occurred. Because we have determined that concurrent

---

ment, or sexual exploitation; or (ii) has been the victim of any sexual abuse." Utah Code Ann. § 78–3a–103(1)(a)(i), (ii) (2002).

2.   "Home" is defined as "one's place of residence [or] the social unit formed by a family living together." Merriam Webster's Collegiate Dictionary 554 (10th ed.1993). Either definition supports the outcome of this case, and, as a result, we adopt the definition as a whole.

3.   Moreover, we have also stated that Utah's "at risk" statute should be interpreted in harmony with other provisions of the Child Welfare Reform Act. *See In re E.K.*, 913 P.2d 771, 774 n. 6 (Utah Ct.App.1996) ("It would be inimical to allow the juvenile court to terminate parental rights on the basis of abuse [or death of a sibling of a child due to known or substantiated abuse or neglect by the parent], but not to allow it to assert jurisdiction over the child for identical reasons."). Stated in terms applicable to this case, it would be nonsensical to allow for the termination of parental rights based upon a death that resulted from the abuse of a sibling, yet not allow the Division of Child and Family Services to supervise a child after an abused sibling has been removed from the home, either forcibly or voluntarily.

residence is unnecessary to trigger the protections of section 78–3a–103(1)(s)(i)(E), S.S.'s argument is unavailing. Consequently, we affirm the trial court's determination that J.S. qualifies for protection as a sibling at risk.

## CONCLUSION

¶ 11 The finding critical to the application of section 78–3a–103(1)(s)(i)(E) is not that the involved siblings share concurrent housing, but instead that at least one child suffered abuse or neglect while in the home where the at risk child resides or will reside. In the face of such a finding, the remaining child or children can be determined to be siblings at risk. Therefore, we conclude that the trial court acted properly in determining that J.S. is a sibling at risk based upon S.S.'s previous abuse of E.H.

¶ 12 Accordingly, we affirm the juvenile court's adjudication of J.S. as a neglected child.

¶ 13 WE CONCUR: PAMELA T. GREENWOOD and NORMAN H. JACKSON, Judges.